IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAN KOVALY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2599 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Leave to Designate Responsible Third Parties ("Motion") [Doc. # 20] filed by Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"), seeking to designate Houston Northwest medical Center, Houston Northwest Cardiology, Dr. Ikedinobi Eni, and Plaintiff's unknown cardiologist as responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004. Plaintiff Shan Kovaly filed a Response [Doc. # 22] in opposition to the Motion. The Court **denies** the Motion without prejudice to being reurged.

In pertinent part, § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 31.004. Under § 33.011(6), a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which

recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. Code § 31.011(6); *see also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). Where, as here, a timely objection is raised, the Court "shall grant leave to designate" unless the objecting party establishes: (1) the movant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts. TEX. CIV. PRAC. & REM. CODE § 33.004(g).

  Plaintiff argues correctly that Wal-Mart in its Motion failed to satisfy the pleading requirements for medical malpractice claims. Consequently, the current Motion will be denied, but Wal-Mart will be allowed to reurge its Motion to comply with the pleading requirements of Chapter 74 of the Texas Civil Practices and Remedies Code. *See In re Broad*, 370 S.W.3d 797, 798 (Tex. App. – Dallas 2012) (citing *In re Oncor Elec. Delivery Co. LLC*, 355 S.W.3d 304, 306 (Tex. App. – Dallas 2011, orig. proceeding)). It is hereby

**ORDERED** that Wal-Mart's Motion for Leave to Designate Responsible Third Parties [Doc. # 20] is **DENIED** without prejudice to being reurged as discussed herein.

SIGNED at Houston, Texas, this **14th** day of **February, 2014.**

_____
Nancy F. Atlas
United States District Judge